[Civ. No. 58681. Second Dist., Div. Two. Jan. 16, 1981.]

LOS ANGELES UNIFIED SCHOOL DISTRICT, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and DOROTHY A. CRAWFORD, Respondents.

**COUNSEL**

Maier & Rogers and William J. Rogers for Petitioner.

Mohi & Glasman and Bruce A. Sackett for Respondents.

**OPINION**

**FLEMING, Acting P. J.**—Petitioner Los Angeles Unified School District (hereinafter L.A. School District) contends that respondent

Workers' Compensation Appeals Board (WCAB) erred in assessing a ten (10) percent penalty pursuant to Labor Code section 5814[1] against L.A. School District for late issuance of a single permanent disability payment. For the reason stated below, we agree and annul the penalty assessment.

## I

Respondent Dorothy A. Crawford (hereinafter applicant) on September 14, 1976, did sustain injury to her low back and left lower extremity, arising out of and occurring in the course of her employment as a teacher's aide for L. A. School District. Per findings and award issued on July 20, 1978, applicant was awarded 59 percent permanent disability, which was ordered payable at $70 per week for 304 weeks for a total of $21,280. Per supplemental order filed September 14, 1978, applicant's disability award was corrected for clerical error so as to provide for a permanent disability payable at $40 per week for 304 weeks for a total of $12,160.

Thereafter, per a declaration of readiness to proceed (WCAB Rules of Prac. & Proc. (Cal. Admin. Code, tit. 8, ch. 4.5, subch. 2) §§ 10414, 10415) filed by applicant, she requested a hearing on the issue of "penalty for unreasonable delay in payment of compensation." Applicant did not specify in the declaration of readiness, nor in any documents filed therewith, the exact nature of the facts surrounding the claimed "penalty."

When the matter came to hearing on November 2, 1979, applicant claimed three separate 10 percent penalties pursuant to Labor Code section 5814 should be assessed against L. A. School District. The first claimed penalty was for failure or delay in paying the permanent disability award issued on July 20, 1978, at the rate of $40 per week. The second claimed penalty was for unreasonable delay in paying the amended permanent disability award of September 14, 1978. The final of the asserted penalties was the delay in a single payment in April 1979.

---

[1]Labor Code section 5814 provides: "When payment of compensation has been unreasonably delayed or refused, either prior to or subsequent to the issuance of an award, the full amount of the order, decision or award shall be increased by 10 percent. The question of delay and the reasonableness of the cause therefor shall be determined by the appeals board in accordance with the facts. Such delay or refusal shall constitute good cause under Section 5803 to rescind, alter or amend the order, decision or award for the purpose of making the increase provided for herein."

With regard to the latter of the three claimed penalties, it must be noted that permanent disability payments may not be made less frequently than twice in each calendar month. (Lab. Code, § 4651.) In accord with this requirement, L. A. School District's practice was to make permanent disability payments to applicant at least twice each month with each payment being $80.

As to the delayed payment in April 1979, the parties stipulated that the claims adjuster for the agency administering workers' compensation claims on behalf of L. A. School District "overlooked making the payment of permanent disability compensation that was due in April of 1979, and added those weeks of compensation to the payment that came due in May of 1979." Copies of the checks issued to applicant show that during April of 1979 she was issued one check dated April 6, 1979, for $80 and her next payment was per check dated May 5, 1979, for $160. Thus, in April of 1979, L. A. School District by error of its adjusting agency, Bierly and Associates, was approximately two weeks late in one permanent disability payment of $80.

The workers' compensation judge issued his decision on the claimed penalties per decision issued December 7, 1979. The judge assessed only two of the three claimed penalties. The judge denied the second of the claimed penalties as there was "no showing of unreasonable delay by [L.A. School District] in complying with the Findings and Award of September 14, 1978. [In that] copies of [the] permanent disability checks...show reasonable compliance with the Findings and Award." The judge did assess the first of the claimed penalties as "copies of [the] permanent disability checks show a failure to make permanent disability payments between the period May 24, 1978 and October 4, 1978 without reasonable explanation." He also assessed a separate 10 percent penalty on the third claimed penalty on the basis that the "check record shows [L.A. School District] failed to make permanent disability payments between April 6, 1979 and May 7, 1979 without reasonable explanation."

L. A. School District then sought reconsideration by the WCAB. L. A. School District did not dispute that the judge properly assessed a penalty for the delay between May 24, 1978, and October 4, 1978, but only disputed the second penalty assessment for the delayed payment of April 1979. The WCAB denied reconsideration.

## II

■ In order for multiple penalties to be assessed "the additional penalties must be preceded by the imposition of 'a first penalty' and follow a further unreasonable delay. Such a limitation upon the assessment of multiple penalties is appropriate to assure that the employer or carrier is not doubly penalized for what may be essentially a single act of misconduct, and, further, to provide reasonable notice of the risk of imposition of multiple penalties. Where, however, the circumstances disclose separate and distinct acts of delay or nonpayment, *and prior notice was given of the applicant's intent to seek separate or additional penalties for such acts*, then multiple penalties are appropriate in a single penalty proceeding." (Italics added.) (*Gallamore* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 815, 823-824 [153 Cal.Rptr. 590, 591 P.2d 1242].)

■ The latter requirement in *Gallamore* of "prior notice" compels annulment of the second penalty assessment for the delay of one payment in April of 1979.

At no time prior to the hearing of November 2, 1979, did applicant give L. A. School District *timely* notice of an intent to seek multiple penalties on permanent disability indemnity. Applicant's declaration of readiness only claimed "penalty for unreasonable delay in payment of compensation" and did not specify the circumstances upon which the "penalty" was claimed or that multiple penalties were asserted. Indeed, the declaration of readiness only refers to a singular "penalty" being claimed.

Accordingly, the second Labor Code section 5814 penalty assessment for the alleged unreasonable delay in making one payment in April 1979 is annulled.[2]

Compton, J., and Beach, J., concurred.

The petition of respondent Crawford for a hearing by the Supreme Court was denied March 11, 1981. Bird, C. J., was of the opinion that the petition should be granted.

---

[2]Reaching this result we need not consider the question of whether the inadvertent delay in a single permanent disability payment in April 1979 by itself is the proper basis for a penalty.